IN THE UNITED STATES BANKRUPTCY COURT
District of South Carolina

| | |
|---|---|
| In the Matter of:<br><br>George Robert Walker<br>Sherry Denise Walker<br><br>Debtor(s). | Case No. 18-04406<br><br>Adversary Complaint No. _____ |
| George Robert Walker<br>Sherry Denise Walker<br><br>Plaintiffs,<br>v.<br><br>Upright Law<br>79 W. Monroe St.<br>Chicago, IL 60603<br><br>and<br><br>Law Solutions Chicago, LLC,<br>c/o Incorp Services, Inc.<br>317 Ruth Vista Road<br>Lexington, SC 29073<br><br>and<br><br>Law Solutions Chicago LLC<br>c/o Incorp Services, Inc.<br>Registered Agent<br>901 S. 2nd St. Ste 201<br>Springfield, Illinois 62704<br><br>Defendants. | Complaint<br><br><br>Chapter 13 |

The Plaintiff above named complaining of the Defendants above named would allege as follows:

1. This is a Core proceeding.
2. Upright Law is a dba for Law Solutions LLC headquartered in Chicago, Illinois.
3. Law Solutions Chicago, LLC is an Illinois entity which advertises to be a national law firm and advertise on the internet to attract South Carolina debtors to collect fees for assistance with filing bankruptcy cases in South Carolina and does collect fees for Bankruptcy cases in South Carolina.
4. Law Solutions Chicago, LLC has partnered with South Carolina lawyers to file cases that are obtained through internet advertising.
5. Law Solutions Chicago, LLC is registered with the South Carolina Secretary of State as an entity operating in South Carolina.
6. Law Solutions Chicago, LLC says that they have partners who are licensed in South Carolina, but their South Carolina partners (or attorneys they partner with) are not disclosed on their website; nor are the partners disclosed to the individual requesting services until after they have made a deposit to Law Solutions Chicago, LLC.
7. This Court has jurisdiction over the parties.
8. The free evaluation advertised on the Defendants' website consists of a potential client speaking with a non-lawyer salesperson who provides advice about bankruptcy and the debtor's situation in bankruptcy and signs them up for either a chapter 7 or chapter 13 fee payment with a contract for representation. At the time the contract is signed, and the fee is paid, the potential client has not spoken with any attorney licensed in South Carolina. Until a contract is signed and deposit is made no "partner" attorney's name or contact information is disclosed. The firm operates like a referral service instead of a law firm. Sending the work to a partner attorney only after a fee has been paid and only then when a partner attorney agrees to take the case.
9. The Plaintiffs filed for protection pursuant to 11 USC Section 1301 et. al. of the United States Bankruptcy Code on August 29, 2018.
10. At the time Plaintiffs filed their bankruptcy petition they were owed a refund for a deposit of $1,290 which they paid to Defendants for representing them in filing

bankruptcy. This payment was prior to filing their bankruptcy case with their current attorney.

11. Debtors received absolutely no value for the funds they paid to Defendants for representation in a bankruptcy case and requested a full refund.

12. Defendants have refused to give Plaintiffs a full refund and instead sent Plaintiffs a bill for legal services performed by Defendants despite Plaintiffs having no attorney representation.

13. Plaintiffs were provided no value through any service provided by Defendants and incurred damages from Defendants' misleading advertising and a promise of representation.

## FOR A FIRST CAUSE OF ACTION
## FRAUD

14. The acts and/or omissions of the Defendants constitute false pretense, false representation or actual fraud.

15. Defendants advertised on the internet Google search with a heading "Start Bankruptcy for $0 Down 100% Free Consultation - Hurry". This led Plaintiffs to think they would obtain a consultation with an attorney without having to pay any funds for the consultation and if advisable to obtain representation for no money upfront as the advertisement says.

16. This advertisement was not true. Instead of obtaining a start to their bankruptcy for nothing down, a salesperson identifying herself as Eliana Harris required Plaintiff to pay $50 and set up a payment plan before Defendants would start their bankruptcy representation or allow Plaintiffs to speak with an attorney for a consultation about their case.

17. The promise of being able to start a bankruptcy proceeding with no money up front is a big part of why the Plaintiffs chose Defendants to seek advice about bankruptcy from them.

18. Defendants operate more like a legal referral service than a law office. Defendants keep all the upfront deposit and then find attorneys to take the case for remaining

amount to be paid by the trustee through the bankruptcy case in a chapter 13. Defendants fee is earned by signing up potential clients through misleading advertisement; and then hooking them with a deposit that is not refundable. Defendants are aware their practice is deceptive and unauthorized because other bankruptcy districts have made this determination. The Defendants' unnamed partners are or should be aware of the charges and finding in other state against Defendants.

19. Misleading advertisements use by Defendants are a big generator of potential clients and continue to generate a substantial number of clients despite Defendants' knowledge that the offer is not really what happens when a client accept the offer. Defendants' advertisements can be found on many search words in Google AdWords search.

20. The Plaintiffs were not aware that the Defendants' advertisements were misleading; nor that they would have to pay money to start their bankruptcy; nor that they would have to pay a fee in full to speak with a licensed South Carolina attorney.

21. The Plaintiffs contacted Defendants and did pay $50 and set up payment plans based on the recommendation of the salesperson they spoke with who is not an attorney.

22. Defendants represents its organization as filing bankruptcy cases in South Carolina and represents that it is licensed or has partners who are licensed in South Carolina to file bankruptcy cases. Plaintiffs rightfully relied on this representation when they paid their deposit.

23. Defendants are not licenses to represent debtors in legal matters in South Carolina bankruptcy court. Defendants are not a real South Carolina law firm, but operate as a referral service collecting legal fees for themselves and then finding licensed South Carolina attorneys to perform legal representation of debtors.

24. Defendants do not offer a 100% free legal consultation as advertised. The consultation at best is a salesperson who is not an attorney. Debtors do not get to speak with any South Carolina licenses attorney until payment of the full fee which is higher than other upfront fees paid in similar cases. So, any "free

consultation" is not with a South Carolina licensed attorney but with a non-attorney sales person.

25. Plaintiffs were misled by Defendants intentional fraud as are other debtors in the State.

26. Plaintiffs are entitled to receive a full refund from Defendant without reduction of any charges and are entitled to damages including actual and putative damages.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT/
## UNAUTHORIZED PRACTICE OF LAW

27. All facts and allegations above are realleged as if stated herein verbatim.

28. Plaintiffs were promised that Defendants would deal with the Plaintiff's creditors during the time the Plaintiffs were making payments.

29. As part of the service provided by Defendants in representing Plaintiffs, Defendants were to handle contact with Plaintiffs' creditors. Protect Plaintiffs from unwanted collection calls.

30. Plaintiffs were provided with a creditor contact phone number. Plaintiffs told to give this number to creditors for the creditors to speak with Plaintiffs' attorney. This was to stop the collection calls.

31. Plaintiffs' creditors continued to call Plaintiffs after the Plaintiffs provided this number to the creditors. The Creditors reported to the Plaintiffs that the contact number was never answered. Plaintiffs called the number many times and confirmed the number was never answered.

32. The benefit of having legal representation by a licensed attorney was not provided per the agreement with Defendants.

33. South Carolina Consumer Protection Code allows for damages if a creditor continues to contact a debtor after notification that a debtor is represented by an attorney. Since Plaintiffs only contact with any attorney was to see if the attorney was representing Plaintiffs and any response about representation was negative

and Defendants continued refused to give Plaintiff the name of any attorney who was representing them, Plaintiffs could not even provide the name of their attorney to the creditors, so the creditors continued to call.

34. Defendants tried to pass Plaintiffs to various attorneys around South Carolina who would either tell the Plaintiffs that the Plaintiffs needed to complete payments to Defendants before that attorney would provide representation or a consultation or the messages Plaintiffs left for the attorney would not be returned.

35. Consumer protection laws (concerning contact after legal representation has been acquired) do not protect Plaintiffs from creditor contact when debtors are not represented.

36. Defendants are not South Carolina licenses attorneys, or a law firm licensed in South Carolina and did not provide any South Carolina licenses attorneys to consult with Plaintiffs about Plaintiffs likely qualification or success in filing for bankruptcy. No attorney has confirmed the representation of Plaintiffs despite substantial charges to Plaintiffs' deposit.

37. The agreement to take fees for legal representation which includes dealing with creditors and providing advice and consultation is the practice of law in the State of South Carolina.

38. Defendants are practicing law without a license in South Carolina, making promises of protection that only a South Carolina licenses attorney can provide, and failing to provide a licenses South Carolina attorney to represent Plaintiffs.

39. If Defendants have partners located in South Carolina, then those partners are assisting in this unauthorized practice of law and deception which has allowed Defendants to continue to abuse South Carolina debtors looking for help.

40. Plaintiffs have suffered damages from the Defendants' actions in violating the agreement to provide legal representation; and the Defendants' unauthorized practice of law and deceptive advertising practices of the Defendants.

**SUBSTANTIAL SANCTION NEEDED TO CURB ABUSE.**

41. The actions of Defendants have been occurring for many years. Defendants have been sanctioned and/or prohibited from practicing in other bankruptcy districts for their deceptive advertisements and unauthorized practice of law. Their actions are harmful to debtors who are South Carolina residence and are looking for help and assistance in determining their option in dealing with a debt burden. Defendants continue to mislead debtors with deceptive advertisements and sales practices which include requiring full payment before provided a legal consultation and before any licenses attorney will reviewed their situation.

42. When a refund is requested it takes weeks to get the proper person to authorize the refund. This person is a salesperson who tries to persuade debtor out of withdrawing the deposit with the threat of additional charges. In addition, an invoice is generated to show the debtor what is being lost if they withdraw from the alleged representation before all payments are made.

43. In Plaintiffs' case, their request for a refund was met with a sales person telling Plaintiffs that fees would be charged to their account. The alleged fees which came quickly with an invoice, but no refund, included charges for $25 for an attorney who refused to return the Plaintiffs' calls and $250 charge for attempt to find another attorney and various other charges totaling hundreds of dollars.

44. The deception continued with the Plaintiffs being told that if they want to reconsider the refund of the deposit that the fees will be waived, and they can just pay what they were going to pay prior to the request for the refund. So, the charges only exist if Plaintiffs want a refund. If they keep on paying, then individual charges vanish. Debtors are told that it is in their best interest to continue making the agreed upon deposit, despite the fact that the debtor has not met with an attorney.

45. This deceptive practice may cause some debtor for whom funds are tight and do not have time to save up another deposit or those who have limited funds must

      continue paying Defendants, if they hope to file without having to save up money for another attorney.

46. The funds taken as fee or charges do not go to licensed attorneys in South Carolina, but instead go to non-South Carolina licensed attorneys.

47. Defendants' local partners have enabled these abuses to continue and must bear some responsibility. Although, Plaintiffs were never represented by any local partners, without licenses attorney participation in deceptive endeavor to defraud South Carolina debtors these deceptive practices would not be possible.

48. Defendants and/or its partners have been sanctioned in Western District of Virginia for the unauthorized practice of law and fined $250,000 and barred from practicing in the bankruptcy court for 5 years. Multiple bankruptcy courts have found the same damages being done to their districts and have held Defendants' accountable. The sanctions mentioned above were filed before February of 2018 and still Defendants and its local "partners" continue these activities in South Carolina unchecked. Their advertisements claiming debtors can start a bankruptcy with $0 down is still running today as this Complaint is filed. Defendants actions and activities are willful and malicious toward debtors looking for help.

49. The abuse of South Carolina debtors will continue to occur at the hands of Defendants and its "partners" until the cost of abusing South Carolina debtors is higher than the profits these Defendants gain from the continued abuse.

      Wherefore, having fully set forth their complaint, Plaintiffs request this Court inquire into the matters alleged herein and find the Defendants have breached the contract with Plaintiffs; Defendants have committed fraud in their advertisements which are deceptive when compared to Defendants' actual practice; Defendants are practicing law in South Carolina without a license; and find that despite substantial sanctions by other bankruptcy courts Defendants continue their deceptive practices and a substantial sanction is required to curb this abuse.

      Plaintiffs request that this Court award the Plaintiffs the funds that they have paid as a deposit to Defendant, actual damages for breach of contract, actual and punitive damages

for fraud and provide sanction sufficient to prevent this behavior in the future. This court has authority under 11 U.S.C. 105 and other sections to enforce the Bankruptcy Code and the practice of bankruptcy in the District including abuse of debtors by those holding themselves out as representing debtors in the bankruptcy process.

Plaintiff would further request that the Defendant be required to pay a reasonable amount towards Plaintiff's attorney fees and all cost associated with this action.

Dated:   October 10, 2018
O'STEEN LAW FIRM, LLC
/s/ F. Lee O'Steen
F. Lee O'Steen
P.O. Box 36534
Rock Hill, SC 29732
(803) 327-5300
(803) 327-5250 (fax)
Lee@OsteenLawFirm.com