## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

**In Re George Robert Walker and Sherry Denise Walker,**           18-04406-hb

-------------------------------------------------------------------------------------------------

**George Robert Walker and**
**Sherry Denise Walker,**

                                                                                   **18-ap-80075-hb**

     **Plaintiffs,**

**v.**

**Upright Law, Law Solutions Chicago, LLC and**
**Law Solutions Chicago, LLC,**

     **Defendants,**

### RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE
### MOTION TO WITHDRAW THE REFERENCE

Defendant Law Solutions Chicago, LLC, doing business as UpRight Law LLC

("UpRight Law")[1] respectfully submit a motion to withdraw the reference to the Bankruptcy

Court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a), as

follows:[2]

A district court has authority to withdraw, in whole or in part, the reference to the

bankruptcy court "on its own motion or on timely motion of any party, for cause shown." 28

U.S.C. § 157(d). Such a motion must be heard by a District Court judge. Fed. R. Bankr. P.

5011(a). Cause exists for withdrawal of the reference because the Defendant has made a jury

demand and the trial will determine facts related to legal claims because Plaintiffs seek to litigate

the facts of the fraud, breach of contract and unauthorized practice of law claims under the guise

---

[1] Law Solutions Chicago LLC has changed its name to Deighan Law LLC and on May 22, 2019 filed a notice of the name change with the Secretary of State of South Carolina.
[2] Defendant designates Exhibit A – Adversary Complaint; Exhibit B – Jury Demand; and Exhibit C: Answer and Affirmative Defenses as the portion of the record pursuant to Local Rule 5011-1.

of Section 105 for punitive damages or "sanctions". These non-core claims are properly the

subject of a jury trial.

## A.     BACKGROUND

On August 29, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under

Chapter 13 of the Bankruptcy Code.  Prior to the Petition Date, Plaintiffs had hired UpRight Law

as bankruptcy law counsel. But Plaintiffs terminated the representation prior to filing the petition

and asked for a refund. Plaintiffs hired Lee O'Steen to file their Chapter 13 petition.

On October 10, 2019, Plaintiffs filed a three-count complaint seeking damages for fraud,

breach of contract and sanctions. See Exhibit A. On November 9, 2019, Defendant appeared and

made a demand for a jury on all claims and affirmatively indicated that Defendant did not

consent to the trial being conducted by the bankruptcy judge. See Exhibit B. Under Local Rule

9015-1(b), Plaintiffs were to file any objection to the jury demand within 14 days. Plaintiffs

never objected.

On November 9, 2019, Defendant also filed a Motion to Dismiss. Plaintiffs responded on

November 26, 2019, Plaintiffs responded to the Motion to Dismiss.  On December 20, 2019, the

Bankruptcy Court granted in part and denied in part, the Motion to Dismiss. On January 3, 2019,

Defendant filed its answer and affirmative defenses with a jury demand. See Exhibit C.

On April 24, 2019, the parties entered a settlement and Plaintiffs filed a stipulation of

dismissal of Count I and Count II of the Complaint. The parties could not settle Plaintiffs' claim

for sanctions in Count III. Plaintiffs have persisted in seeking sanctions for the conduct

complained about in the Adversary Complaint. However, those claims relate to non-core state-

law theories of liability. For example, Plaintiffs did not allege violations of 11 U.S.C. 526; Fed.

R. Bankr. P. 2017; or SC LBR 9011-1 in the Adversary Complaint.  Plaintiffs only raised non-core state law claims. See Exhibit A – Plaintiffs' Adversary Complaint.

On May 29, 2019, Defendant filed a Motion for Summary Judgment. Plaintiffs responded on June 12, 2019. On June 21, 2019, the Court denied the Motion for Summary Judgment.

Defendant now moves to withdraw the reference to the Bankruptcy Court and to transfer the case to the District Court for a jury trial.

**B.       ARGUMENT**

Defendant requests that the Court withdraw the reference of the Adversary Proceeding from the bankruptcy court for the purposes of conducting a jury trial. The request for sanctions in based upon conduct which violates state law not any bankruptcy law.

Under this Court's Local Rule 83.IX.01: "Referral to Bankruptcy Judges. Pursuant to 28 U.S.C. § 157(a), the court hereby refers to the bankruptcy judges for this district all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11. See 28 U.S.C. § 157, Procedures."

Under Section 157(d), a district court may withdraw the reference of an adversary proceeding from the bankruptcy court "in whole or in part ... on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Under Section 157(e), a bankruptcy court may conduct a jury trial only "with the express consent of all parties." 28 U.S.C. § 157(e). The Defendant does not consent to a jury trial in the bankruptcy court.

Under these circumstances, the reference should be withdrawn for purposes of conducting a jury trial.  Courts have found an adversary proceeding consisting entirely of non-core claims with a demand for a jury trial may create cause to withdraw the reference independent of the other factors. See, *In re Dozier Fin., Inc.,* No. CV 4:18-1888-MGL, 2019 WL

1075072, at *5 (D.S.C. Mar. 7, 2019) See also *In re Luis Elec. Contracting Corp.*, 100 B.R. 155

(E.D.N.Y. 1989) (holding an adversary proceeding consisting entirely of non-core claims with a

demand for a jury trial may create cause to withdraw the reference independent of the other

factors); *In re Fundamental Long Term Care, Inc.*, 2014 WL 4452711, at *3 (M.D. Fla. Sept. 9,

2014) ("A demand for a jury trial in a non-core matter in itself may provide sufficient cause to

withdraw the reference," leaving reference in place for pretrial matters without prejudice to

withdrawal of reference for trial); I*n re Advanced Telecomm. Network, Inc.*, 2014 WL 2528844,

at *2 (M.D. Fla. June 4, 2014) ("A right to a jury trial can constitute cause for withdrawal of the

reference where the parties do not expressly consent to having the bankruptcy court conduct the

jury trial.")

In a case like this where the ultimate claims are related to alleged pre-petition

professional malpractice, courts have found that these claims are non-core and subject to trial in

the district court.  See, e.g., *In re Joseph DelGreco & Co., Inc.*, No. 10 CV 6422 NRB, 2011 WL

350281, at *3 (S.D.N.Y. Jan. 26, 2011) (finding prepetition malpractice is non-core claim);

*Hackling v. Kahn* (*In re Luis Elec. Contracting Corp.),* 100 B.R. 155, 156 (E.D.N.Y. 1989)

(finding claim alleging prepetition malpractice by accountants is non-core); *In re Remington*

*Development Group, Inc.*, 180 B.R. 365, 368 n. 6 (D.R.I. 1995) (finding legal malpractice claims

are non-core); *In re Money Ctrs. of Am. Inc. v. Sherb & Co., LLP*, 2016 WL 642382 (S.D.N.Y.

Feb. 16, 2016) (finding complaint's description of the breach of contract and professional

negligence claims as non-core claims).

"It is established that suits for money damages, including punitive damages, are legal in

nature entailing the right to a jury trial, and that this right cannot be abridged even if the damages

are considered incidental to the equitable claims." *Curtis v. Loether*, 415 U.S. 189, 196 n. 11, 94

S.Ct. 1005, 39 L.Ed.2d 260 (1974)(citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79

S.Ct. 948, 3 L.Ed.2d 988 (1959); and *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–473, 82

S.Ct. 894, 8 L.Ed.2d 44 (1962)). Because plaintiffs' suit does not seek relief based on any alleged

violation of a Bankruptcy Code section and instead seeks sanctions which are essentially

punitive damages under § 105,[3] they seek a remedy legal in character and thus Defendant is

entitled to a jury trial as to that claim.

  "The right to trial by jury in cases in which equitable and legal claims are mixed is

secured as to all issues common to both claims by the Seventh Amendment." *Beacon Theatres,*

*Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Under the law a jury verdict

in such mixed law-equity cases is binding on the court as to all matters in law and as to all

matters in equity where the facts found are common to the law and equity issues. See *Dairy*

*Queen v. Wood*, 369 U.S. 469, 479 (1962).  "[W]here equitable and legal claims are joined in the

same action, there is a right to jury trial on the legal claims which must not be infringed either by

trying the legal issues as incidental to the equitable ones or by a court trial of a common issue

existing between the claims. The Seventh Amendment question depends on the nature of the

issue to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531,

537–38 (1970)

**C. CONCLUSION**

  It is paramount for the Court to understand that the claims for fraud and breach of

contract are the only claims supporting the request for sanctions.  Plaintiffs raised no claims

under the Bankruptcy Code other than Section 105 coupled with the state law claims for relief.

Thus, the jury must determine the factual issues before any determination for punitive damages

---

[3] Defendant has challenged Plaintiffs' private action for relief under Section 105.

is made. As such, Defendant respectfully requests that the Court withdraw the reference and

allow the matter to proceed with a jury trial in the district court.

Respectfully Submitted,

/s/A. Todd Darwin
A. Todd Darwin, District Court I.D. No.: 6382
Holcombe Bomar, P.A.
P.O. Box 1897
Spartanburg, SC 29304
Telephone: (864) 594-5300
Email: tdarwin@holcombebomar.com

Mark T. Lavery
Deighan Law LLC
79 W. Monroe, 10th Floor
Chicago, IL 60603
Telephone (312) 792-9533
Email: mlavery@uprightlaw.com
Admitted *pro hac vice*