# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>George Robert Walker and Sherry Denise Walker,<br><br><br>Debtor(s). | C/A No. 18-04406-HB<br><br>Adv. Pro. No. 18-80075-HB |
| George Robert Walker and Sherry Denise Walker,<br><br><br>Plaintiff(s),<br><br>v.<br><br>UpRight Law, Law Solutions Chicago, LLC, Law Solutions Chicago LLC,<br><br><br>Defendant(s). | Chapter 13<br><br>**ORDER** |

**THIS MATTER** came before the Court initially for a trial on the Complaint filed by Plaintiffs George Robert Walker and Sherry Denise Walker against Defendants UpRight Law, Law Solutions Chicago, LLC, Law Solutions Chicago LLC (collectively, "Upright").[1] The only remaining issue at trial was whether sanctions should be imposed pursuant to 11 U.S.C. § 105. The Court denied the Walkers' request for an award of monetary sanctions against Upright in a February 20, 2020 Order ("Trial Order").[2]

The Trial Order also detailed Upright's nontraditional business model in which it maintains an out-of-state home office in Chicago and directs marketing efforts toward residents of South Carolina utilizing South Carolina bar members. In the Trial Order, the

---

[1] After this adversary proceeding was filed, Upright changed ownership and is now Deighan Law, LLC d/b/a UpRight Law LLC in South Carolina.
[2] ECF No. 76.

Court made conclusions regarding Upright's practices and procedures and raised questions regarding compatibility with certain authorities, including the South Carolina Rules of Professional Conduct.  Upright filed a Response on April 10, 2020 ("Upright Response").[3]

After careful consideration, the Court finds that Upright's practices, procedures, and unconventional practice model, detailed in the Trial Order, relate to innovations in the practice of law in South Carolina that are likely not unique to Upright or bankruptcy or federal practice, and are better directed to an authority involved in the regulation of the practice of law in this state.  Therefore, pursuant to Local Civ. Rule 83.I.08 (D.S.C.), RDE Rule V(A),[4] the Court will refer the conclusions of the Trial Order and the Response directly to the South Carolina Office of Disciplinary Counsel to take whatever action, if any, it deems necessary and appropriate to regulate practice within the state.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall submit a copy of this Order, the Trial Order, and the Upright Response to the South Carolina Office of Disciplinary Counsel to determine any appropriate action.   This adversary proceeding is concluded.

**FILED BY THE COURT**
**05/04/2020**



Entered: 05/04/2020

Chief US Bankruptcy Judge
District of South Carolina

---

[3] ECF No. 78.
[4] *See* Local Civ. Rule 83.I.08 (D.S.C.), RDE Rule V(A) ("Nothing herein shall, however, preclude a judge from reporting an attorney's actions or inactions directly to the disciplinary authority for any state where the attorney is admitted to practice . . .").